In the Matter of JD STATION PLAZA REALTY INC., Appellant. COMMISSIONER OF LABOR, Respondent. [7 NYS3d 673]—

Lahtinen, J.P. Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 3, 2014, which assessed JD Station Plaza Realty Inc. for additional unemployment insurance contributions.

Following an audit, JD Station Plaza Realty Inc. was assessed $1,519.18 in unemployment insurance contributions based upon remuneration it paid to John DeRaffele, its sole shareholder and president. Because JD Station is a subchapter S corporation, its net income during the period in question passed through to DeRaffele, who reported it on his personal income tax returns (see 26 USC § 1366). The Unemployment Insurance Appeal Board accordingly found that JD Station was liable for additional unemployment insurance contributions, and JD Station now appeals.

We affirm. "Any employer shall become liable for contributions under this article if he [or she] has paid remuneration of [$300] or more in any calendar quarter" (Labor Law § 560 [1]). Remuneration, in turn, "is defined to include 'every form of compensation for employment paid by an employer to his [or her] employee'" (Matter of Chernavsky [Commissioner of Labor], 76 AD3d 739, 740 [2010], quoting Labor Law § 517 [1]). DeRaffele was not paid a salary despite performing services for JD Station, but nevertheless received the net income from the corporation. Substantial evidence thus supports the Board's finding that "the corporation's [s]ubchapter S net income was . . . remuneration," notwithstanding DeRaffele's contention that he invested most of that income back into JD Station (Matter of Ellenbogen Computer Servs. [Hudacs], 202 AD2d 825, 826 [1994]; see Matter of R. S. Smero, Inc. [Levine], 51 AD2d 273, 276 [1976]; see also Matter of Preferred Computer Trading Corp. [Hartnett], 173 AD2d 1031, 1031-1032 [1991]).

McCarthy, Egan Jr. and Clark, JJ., concur. Ordered that the decision is affirmed, without costs.